IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COASTAL RESTAURANT GROUP, LLC AND ROCCO SCARFONE,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW, Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), complaining of Defendants, Coastal Restaurant Group, LLC ("CRG") and Rocco Scarfone ("Scarfone") (collectively "Defendants") (Auto-Owners and Defendants are collectively referred to as the "Parties") and seeking a declaratory judgment, alleges and states the following:

1. This is a Complaint for a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, in which Plaintiff seeks a determination of its rights and responsibilities under a specific policy of insurance issued to CRG.

2. Plaintiff was, and is, a corporation duly formed and existing by virtue of the laws of the State of Michigan with its principal place of business in Lansing, Michigan. At all times relevant to this Complaint, Plaintiff was and is licensed to conduct business throughout the State of North Carolina, including Greensboro, North Carolina.

3. Upon information and belief, CRG is a limited liability company organized under the laws of the state of North Carolina with offices at 3017 West Gate City Boulevard, Greensboro, North Carolina.

4. Upon information and belief, Scarfone is an individual who resides in Guilford County.

5. Upon information and belief, during the relevant time period Scarfone was a member and a manager of CRG.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that one or more of the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

8. Plaintiff issued a policy of insurance to CRG under policy number 174615-35084886-17 (the "Policy"). A true and accurate copy of the Policy

2

Case 1:18-cv-00543-LCB-JEP   Document 1   Filed 06/22/18   Page 2 of 11

(including endorsements) is expressly incorporated herein and attached hereto as **Exhibit "A."**

9. The Policy became effective on February 26, 2017.

10. The Policy provides in relevant part as follows:

**SECTION I – COVERAGES**

**COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages….

2. **Exclusions**

   This insurance does not apply to "personal injury" or "advertising injury":

   a. **Knowing Violation Of Rights Of Another Or Expected Or Intended Injury**

      (1) Caused by or at the direction of any insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" or "advertising injury"; or

      (2) Expected or intended by any insured. This exclusion **a.(2).** Does not apply to "personal injury".

   c. **Material Published Prior To Policy Period**

      Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

   i. **Infringement Of Copyright, Patent, Trademark Or Trade Secret**

Arising out of the infringement of copyright, patent, "trademark", trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement" of copyright, "trade dress" or slogan.

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

   **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insured, but only with respect to their duties as your managers.

**SECTION V – DEFINITIONS**

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters….

2. "Advertising injury" means injury arising out of one or more of the following offenses:

   **a.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services in your "advertisement";

   **b.** Oral or written publication, in any manner, of material that violates a person's right of privacy in your "advertisement";

   **c.** The use of another's advertising idea in your "advertisement"; or

   **d.** Infringing upon another's copyright, "trade dress" or slogan in your "advertisement".

15. "Personal injury" means other than "bodily injury" arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's organization's goods, products or services; or

    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy.

11. On or about February 13, 2018, Avant Garde Music Publishing, Inc., Flyte Tyme Tunes, Uh Oh Entertainment, Inc. Fingaz Goal Music, Divine Mill Music, and Miss Bessie Music (collectively "Underlying Plaintiffs") filed a Complaint in the United States District Court for the Middle District of North Carolina, Greensboro Division, Civil Action No. 1:18-CV-96 (the "Lawsuit").

12. A copy of the Lawsuit is expressly incorporated herein and attached hereto as **Exhibit "B."**

13. The Lawsuit alleges, among other things, that Defendants entered into a license agreement for its establishment, which permitted Defendants to perform copyrighted musical compositions of the Underlying Plaintiffs.

5

14. Defendants entered into a license agreement for its establishment, which permitted Defendants to perform copyrighted musical compositions of the Underlying Plaintiffs.

15. The Lawsuit alleges, among other things, that the license agreement was terminated May 14, 2016.

16. The license agreement was terminated May 14, 2016.

17. The Lawsuit alleges, among other things, that after the termination of the license agreement, Defendants were notified of the need to reinstate a license agreement.

18. After the termination of the license agreement, Defendants were notified of the need to reinstate a license agreement.

19. The Lawsuit alleges, among other things, that after the termination of the license agreement, Defendants continued to publicly perform copyrighted musical compositions of the Underlying Plaintiffs without permission.

20. After the termination of the license agreement, Defendants continued to publicly perform copyrighted musical compositions of the Underlying Plaintiffs without permission.

21. The Lawsuit alleges, among other things, that Defendants were provided notice that the public performance of the copyrighted musical compositions of the Underlying Plaintiffs constituted copyright infringement.

22. Defendants were provided notice that the public performance of the copyrighted musical compositions of the Underlying Plaintiffs constituted copyright infringement.

23. The Lawsuit alleges, among other things, that, Defendants knowingly and intentionally violated the rights of the Underlying Plaintiffs.

24. Defendants knew that the public performance of the copyrighted musical compositions of the Underlying Plaintiffs after the license agreement was terminated constituted copyright infringement.

25. Defendants were insureds under the Policy.

26. The Underlying Plaintiffs did not suffer a "personal injury" or an "advertising injury" as those terms are defined in the Policy.

27. As the Lawsuit does not allege either a "personal injury" or an "advertising injury" under the Policy, Auto-Owners does not have an obligation under the Policy to defend Defendants with respect to the Lawsuit.

28. As the Underlying Plaintiffs did not suffer a "personal injury" or an "advertising injury" under the Policy, Auto-Owners does not have an obligation under the Policy to indemnify Defendants with respect to the damages sought in the Lawsuit.

29. Defendants knowingly violated the rights of the Underlying Plaintiffs.

7

30. As the Lawsuit alleges Defendants knowingly violated the rights of the Underlying Plaintiffs, Auto-Owners does not have an obligation under the Policy to defend Defendants with respect to the Lawsuit.

31. As Defendants knowingly violated the rights of the Underlying Plaintiffs, Auto-Owners does not have an obligation under the Policy to indemnify Defendants with respect to the damages sought in the Lawsuit.

32. The first publication of the Musical Compositions after May 14, 2016, occurred before the effective date of the Policy.

33. As, upon information and belief, the first publication of the Musical Compositions after May 14, 2016, occurred before the effective date of the Policy, Auto-Owners does not have an obligation under the Policy to defend Defendants with respect to the Lawsuit.

34. As, upon information and belief, the first publication of the Musical Compositions after May 14, 2016, occurred before the effective date of the Policy, Auto-Owners does not have an obligation under the Policy to indemnify Defendants with respect to the damages sought in the Lawsuit.

35. Defendants infringed the copyright and intellectual property rights of the Underlying Plaintiffs.

36. As the Lawsuit alleges Defendants infringed the copyright and intellectual property rights of the Underlying Plaintiffs, Auto-Owners does not

have an obligation under the Policy to defend Defendants with respect to the Lawsuit.

37. As Defendants infringed the copyright and intellectual property rights of the Underlying Plaintiffs, Auto-Owners does not have an obligation under the Policy to indemnify Defendants with respect to the damages sought in the Lawsuit.

38. Upon information and belief, the Underlying Plaintiffs are seeking in excess of $75,000.00 in damages from Defendants for the claims alleged in the Lawsuit.

39. Auto-Owners has retained counsel to defend Defendants in the Lawsuit under a reservation of rights.

40. Pursuant to the terms of the Policy, Auto-Owners is not obligated to defend Defendants in the Lawsuit.

41. Pursuant to the terms of the Policy, Auto-Owners is not obligated to indemnify Defendants for any damages sought or obtained in the Lawsuit.

**COUNT ONE - DECLARATORY JUDGMENT**

42. Auto-Owners incorporates as if fully set forth herein the allegations contained within the above paragraphs.

43. There exists an actual, substantial and justiciable issue in controversy between the Parties hereto with respect to Auto-Owners' obligation to defend Defendants in the Lawsuit.

44. There exists an actual, substantial and justiciable issue in controversy between the Parties hereto with respect to Auto-Owners' obligation to indemnify Defendants for any damages sought or obtained in the Lawsuit.

45. A judicial determination and a declaration of the rights and obligations of the Parties is necessary and appropriate at this time because Auto-Owners has no adequate remedy at law which will resolve the current controversy.

46. For reasons set forth above, Auto-Owners is entitled to a declaration from the Court that it is not obligated to defend Defendants in the Lawsuit.

47. For reasons set forth above, Auto-Owners is entitled to a declaration from the Court that it is not obligated to indemnify Defendants for any damages sought or obtained in the Lawsuit.

WHEREFORE, Auto-Owners prays for relief as follows:

1. For a declaration that Auto-Owners is not obligated to defend Defendants in the Lawsuit;

2. For a declaration that Auto-Owners is not obligated to indemnify Defendants for any damages sought or obtained in the Lawsuit;

3. For an award of attorneys' fees and costs pursuant to law;

4. For trial by jury as to all issues of fact; and

5. For such other and further relief as the Court may deem just and proper.

This the 22nd day of June, 2018.

        /s/ Jeffrey B. Kuykendal
        Colin E. Scott
        Jeffrey B. Kuykendal
        McAngus, Goudelock & Courie, PLLC
        P.O. Box 30307
        Charlotte, NC 28230
        colin.scott@mgclaw.com
        jeffrey.kuykendal@mgclaw.com
        *Counsel for Plaintiff*